IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA BUTTERFIELD, as ) | | |
| Independent Administrator of the Estate of ) | | |
| DAVID BUTTERFIELD, deceased ) | No. | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| NICOLE LASAK , ) | JURY DEMANDED | |
| ) | | |
| Defendant. ) | | |

## COMPLAINT

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. sections 1983 et seq. and 1988; the Judicial Code, 28 U.S.C. sections 1331, and 1343(a); and the Constitution of the United States.

## PARTIES

**Plaintiff**

2. Plaintiff, Christina Butterfield, was the wife of the deceased, David Butterfield, on the day of this death. Christina Butterfield was appointed the Independent Administrator of David Butterfield's Estate on July 18, 2016, by the Circuit Court of Lake County, Probate Division. Christina Butterfield brings this action as the Independent Administrator of David Butterfield's estate. At all relevant times, the plaintiff and the deceased lived in Lake County, Illinois, at 3455 Sheridan, Road, Zion.

3. David Butterfield was also survived by a minor daughter, Krista Butterfield.

**Defendants**

4. Defendant, Nicole Lasak, was, at all relevant times, an Illinois resident and the Director of Nursing for Armor Correctional Health Services, Inc., at the Lake County Sheriff's Office Adult Correctional Facility in Waukegan, Illinois ("Lake County Jail"), in Waukegan, Illinois. She was, at all relevant times, engaged in the conduct complained of in the course and scope of her employment with Armor Correctional Health Services, Inc. ("Armor"), and acting under color of law. She is being sued in her individual capacity.

5. Armor was, at all relevant times, a Florida corporation, doing business in Illinois. Armor contracted with the Lake County Jail on or about June 1, 2015, to provide medical services, through its employees, servants and/or agents, to several juvenile and adult Lake County facilities, including the Lake County Jail inmates.

6. On or about February 29, 2016, decedent David Butterfield ("Butterfield"), was arrested for an alleged violation of his probation of a previously negotiated plea of guilt of a Class A misdemeanor.

7. Butterfield was taken into custody on February 29, 2016, by the Lake County Sheriff's Department and transported to the Lake County Jail in Waukegan, Illinois.

8. On February 29, 2016, Butterfield was admitted to the Lake County Jail, and placed in the jails medical unit on that date.

9. Butterfield remained in the Lake County Jail Medical Unit, under the control, supervision, direction and at the mercy of Defendant Lasak, until the morning of his death on March 4, 2016.

10. Butterfield died of peritonitis, determined post mortem to be a massive infection in his abdominal cavity. Prior to his death, Butterfield's stomach would have been extremely painful, distended and would have caused him obvious discomfort observable by Defendant Lasak as well as any other any person that would have viewed or monitored him.

11. It was Armor's policy to refer all detainees with moderate to severe abdomen pain to a hospital emergency department.

12. At all relevant times, Defendant Lasak was the Director of Nursing at the Lake County Jail and she was responsible, in part, for diagnosing, providing treatment, authorizing treatment and/or authorizing Butterfield's transfer to a hospital emergency department.

13. Defendant Lasak, knowing her actions created a strong likelihood of death or great bodily harm to Butterfield, failed to, or refused to send him to the hospital for treatment between the dates of February 29, 2016, and his death on March 4, 2016.

14. Defendant Lasak acted with deliberate indifference toward Butterfield's serious and life threatening physical symptoms and/or condition where his symptoms and/or condition required immediate treatment and/or hospitalization, and Lasak refused to provide the necessary treatment and/or hospitalization.

15. Butterfield had serious life threatening medical needs while in custody at the Lake County Jail, that were nevertheless readily treatable.

16. Despite Defendant Lasak's knowledge of Butterfield's condition and Armor's rules and procedures regarding abdomen pain, Lasak acted with deliberate indifference towards Butterfield's serious medical needs through her conscious disregard of the substantial risk to Butterfield's health and safety through her deliberate failure to take measures to properly treat

Butterfield. Specifically, Defendant Lasak she failed to provide Butterfield with the proper testing to determine the appropriate treatment for Butterfield; and/or failed to provide Butterfield with the requisite treatment for his severe symptoms and/or condition; and she failed to authorize his transfer to a hospital emergency department in contradiction of her employer's rules and protocols.

17. Defendant Lasak's acts and/or omissions, as to David Butterfield, we done with deliberate indifference and resulted in the depriving Butterfield of the protection from the Eighth and/or Fourteenth Amendments of the United States Constitution.

18. These acts and omissions by Defendant Lasak proximately caused David Butterfield to suffer both physical and psychological injuries, including but not limited to, pain, humiliation, and suffering, from the time Butterfield entered the county jail medical unit until his death.

19. The acts and omissions by the Defendant Lasak proximately caused the death of David Butterfield.

20. David Butterfield's estate has made repeated request from both Defendant Armor and the Lake County Sheriff for David Butterfield's medical and jail records for the relevant period of time and each of those request have been denied, and continue to be denied.

WHEREFORE, the plaintiff, Christina Butterfield, as Independent Administrator of the Estate of David Butterfield, deceased, demands substantial compensatory damages against the Defendant Nicole Lasak for the decedent's physical pain, humiliation, psychological suffering, emotional pain and suffering as well as his death, resulting in posthumous medical expenses, loss of consortium, grief and sorrow for his family. Additionally, because the defendants acted

maliciously, wilfully, wantonly, and/or in reckless disregard for the decedent's constitutional rights, plaintiff demands substantial punitive damages from these defendants, as well as costs, attorneys fees, and whatever additional relief this Court deems equitable and just.

<u>Plaintiff demands a trial by jury</u>.

<u>s/ Dennis J. DeCaro</u>

DeCaro Illinois Bar Number: 6230675
Kupets & DeCaro, P.C.
77 W. Washington Street, 20 Floor
Chicago, Illinois 60602
Telephone: 312-372-4444
Fax: 312-726-7347
E-mail:ddecaro@kupetsdecaro.com